**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARDONIO GOMEZ, ) | | |
| ID # 32640-177, ) | | |
| Movant, ) | | |
| vs. ) | | No. 3:04-CR-0253-G (03) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to an *Order of Reference* dated April 14, 2014, before the Court are Defendant's *Motion for Sentence Relief Under the Federal Bureau of Prisons Bureau Non-Violent [sic] Offender Relief Act of 2003 H.R. 3575(a)* (doc. 438), and *Motion to Depart Downward Under more lenient sentences for Individuals [sic] defendants Amendment [Nov. 01.2011] Under §1B1.10* (doc. 439), both received on April 8, 2014. Based on the relevant findings and applicable law, the motions should be **DENIED**.

## I.  BACKGROUND

After pleading guilty, defendant Mardonio Gomez ("Gomez") was sentenced to 292 months' imprisonment for conspiracy with intent to distribute a controlled substance on April 7, 2005. (Judgment, doc. 268). His sentence has since been lowered twice after his motions to modify his sentence pursuant to 18 U.S.C. § 3582(c) based on the retroactive application of a lowered sentencing guideline were granted. (*See* docs. 373, 387, 426, 433).[1] Gomez now asserts that he should be granted an additional reduction in sentencing.

## II.  ANALYSIS

Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment after it

---

[1]  The most recent sentence modification lowered his sentence to 188 months' imprisonment. (doc. 433).

has been imposed where a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

In his first motion, Gomez asserts that his sentence should be lowered based on the Non-Violent Offender Relief Act of 2003. While this act was introduced in Congress, it was never enacted into law. (*See* www.govtrack.us/congress/bills/108/hr3575). Gomez is therefore not entitled to any reduction in sentence based on his Act.

In his second motion, Gomez claims that Amendment 742, a 2010 amendment to U.S.S.G. § 4A1.1 that eliminated some recency points in determining a sentencing guideline, should be applied retroactively to lower his sentence. (doc. 439 at 1). Amendment 742 is not listed as a retroactive amendment in § 1B1.10, however. *See* § 1B1.10(a) & (c). *See United States v. Flore-Quorino*, 453 Fed. App'x 469, 470 (5th Cir. Dec. 12, 2011). Because this amendment is not specifically listed as a retroactive amendment, Gomez is not entitled to a modification of his sentence based on this amendment. *United States v. Drath,* 89 F.3d 216, 218 (5th Cir.1996).

### III. RECOMMENDATION

Gomez' motions to reduce his sentence (docs. 438, 439) should be **DENIED**.

**SIGNED on this 12th day of May, 2014.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE